IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD SALINAS | § | |
| | § | |
| VS. | § | NO. _____ |
| | § | |
| METLIFE AUTO & HOME | § | |
| INSURANCE AGENCY, INC. | § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS erroneously sued herein as MetLife Auto & Home Insurance Agency, Inc. ("Metropolitan Lloyds"), pursuant to 28 U.S.C. §§1653, 1331, 1332, 1441, and 1446(A), files this Notice of Removal.

### I. INTRODUCTION

1. This removal is based on diversity jurisdiction. Plaintiff Richard Salinas ("Plaintiff") seeks redress from Defendant Metropolitan Lloyds alleging breach of contract relating to Plaintiff's right to recover "underinsured" "UIM" ("UM") benefits under the subject Metropolitan Lloyds policy arising from a May 6, 2017 motor vehicle accident.

2. Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas.

3. In contrast, Defendant Metropolitan Lloyds is now, and was at the time of removal and at the time of filing of the instant lawsuit, an unincorporated association of underwriters which have associated together for the purposes of engaging in the business of insurance as permitted under Chapter 941 of the Texas Insurance Code, as amended.

Metropolitan Lloyds is neither a partnership, joint stock company, corporation nor quasi corporation. Metropolitan Lloyds is comprised of twelve (12) underwriters, all of whom reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations. Metropolitan Lloyds is administratively headquartered in the City of Warwick, Kent County, State of Rhode Island and Providence Plantations. For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members. *Royal Ins. Co. v Quinn-L Capital Corp.* 3 F.3d 877, 882 (5th Cir. 1993).

4.   In addition, the amount in controversy exceeds $75,000.00 exclusive of interest and costs. In particular, Plaintiff's Original Petition seeks monetary relief in excess of his UIM "policy limits" which are $50,000.00/$100,000.00. (Ex. A-2, paragraph VI-14)

5.   Defendant Metropolitan Lloyds files its Notice of Removal within thirty (30) days of service of Plaintiff's Original Petition. This action has been on file for less than one year.

## II. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

### A.   Diversity Jurisdiction Exists

6.   Removal is proper because this lawsuit involves a controversy between citizens of different states. Specifically, Plaintiff is now, and was at the time of removal, and at the time of the filing of its state court Original Petition, a citizen of Texas (Exhibit A-2, Section II-2. In contrast, Defendant Metropolitan Lloyds is now, and was at the time of removal and at the time of filing of the instant lawsuit, an unincorporated association of underwriters whose members reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence

Plantations. *Royal Ins. Co. v Quinn-L Capital Corp.* 3 F.3d 877, 882 (5th Cir. 1993). ("Royal is an unincorporated association that sells insurance under a so-called "Lloyd's plan'. For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members"). Thus, diversity of citizenship between the parties exists.

7. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§1332, 1441 (Ex. A-2, Sections IV, V-9, 10) *Wright & Spindletop Films, L.L.C. v. Quinn-L Capital Corp.*, 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself...'") (citing *Horton v Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself..."); *Trans-Net, Inc. v Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [Plaintiff] avers actual damages in excess of the jurisdictional minimum, plus attorney's fees and statutory penalties. [Plaintiff's] assertions are sufficient to support diversity jurisdiction"). Accordingly, the amount in controversy ($1,000,000.00) exceeds $75,000.00, exclusive of interest and costs.

**B.    Removal is Timely**

8. Defendant Metropolitan Lloyds was served with a copy of Plaintiff's Original Petition on August 8, 2018). (Exhibit A-4). Metropolitan Lloyds files this Notice of Removal within thirty days after service. 28 U.S.C. §1446(b)(1). In additional, the suit has been pending for less than a year. Therefore, removal of this action is timely.

## III. COMPLIANCE WITH REMOVAL PROCEDURES

9. Attached to this Notice of Removal as Exhibit A 1-7 are the following documents required by 28 U.S.C. §1446(a) (these documents are hereby incorporated by reference in all respects):

   A. List of all documents that clearly identifies each document and indicates the date the document was filed in state court (as well as a copy of each document):

      1. State Civil Docket Sheet in Cause 2018CI14080 and case history
      2. Plaintiff's Original Petition filed 07-31-18
      3. Citation
      4. Return of Service - Metropolitan Lloyds Insurance Company 8-8-18
      5. Defendant Metropolitan Lloyds Insurance Company of Texas' Original Answer filed 08-29-18
      6. Affidavit of Russell S. Davis
      7. Civil Cover Sheet

10. Venue is proper in this district pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Western District of Texas, San Antonio Division, embraces Bexar County, Texas, where the state court action was filed and is currently pending. Specifically, Plaintiff filed suit in the 288th Judicial District Court of Bexar County, Cause No. 2016CI20274.

11. Defendant will immediately file a copy of its Notice of Removal with the clerk of the state court in which the state court action is pending.

## IV. JURY DEMAND

12. Plaintiff has already demanded a jury in the state court action.

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas requests this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, and for such other and further relief to which it may be justly entitled).

Respectfully submitted,

Allan K. DuBois
State Bar No. 00000092

112 E. Pecan, Suite 1300
San Antonio, Texas 78205-2806
Telephone: (210) 227-3106
Facsimile: (210) 227-1290
akd@akduboislaw.com

## CERTIFICATE OF SERVICE

On the 5th day of September, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, San Antonio Division, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2).

Allan K. DuBois